Laramore, Judge,
dissenting:
I respectfully dissent for the reason that I believe that double time for foreign service is limited to the determination of the 30 years of service as the basis of an enlisted man’s retirement.
The first statute providing credit for double time of an enlisted man’s service was the Act of September 30, 1890, 26 Stat. 504, which provided:
* * * That when an enlisted man has served as such thirty years in the United States Army or Marine Corps, either as private or non-commissioned officer, or both, he shall by application to the President be placed on the retired list hereby created, with the rank held by him at the date of retirement, and he shall receive thereafter seventy-five per centum of the pay and allowances of the rank upon which he was retired: Provided, That if said enlisted man had war service with the Army in the field, or in the Navy or Marine Corps in active service, either as volunteer or regular, during the war of the rebellion, such war service shall be computed as double time in computing the thirty years necessary to entitle him to be retired.
Double time for the same purposes was thereafter given for service outside the United States, including Cuba and the Philippines.
The Act of August 24, 1912, 37 Stat. 569, 575, provided:
* * * That in computing length of service for retirement credit for double time for foreign service shall not be given to those who hereafter enlist: And provided *251 further, That nothing in this provision shall be so construed as to forfeit credit for double time already accrued.
The pertinent part of the Army and Air Force Vitalization and Retirement Equalization Act of 1948, the act under which plaintiff seeks retirement pay, is set forth in footnote 1 of the majority opinion. This act provides that retirement may be granted to those who have 20 years or more of satisfactory service and sets forth in detail what service is to be deemed satisfactory service and what service is to be counted in the computation of the retired pay.
No provision can be found in this or any other act called to my attention that allows the counting of double time for foreign service except for purposes of 30-year retirement of enlisted men.
In accordance with the foregoing opinion and on the filing of a report by the General Accounting Office, it was held that plaintiff was entitled to be credited with double time for his service in Cuba and the Philippine Islands prior to 1912 for qualification purposes only, and judgment for the plaintiff was entered October 2,1956, for $8,711.30.